SLIP OPINION

Cite as 2016 Ark. 314

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE APPELLATE-MOTION ELECTRONIC-FILING PILOT PROJECT AND APPELLATE-BRIEF ELECTRONIC-FILING PILOT PROJECT | **Opinion Delivered** September 15, 2016 |

## PER CURIAM

On June 18, 2015, we announced we would implement an electronic filing system in this court and the court of appeals, and we authorized the establishment of an appellate motion electronic-filing pilot project "as a first step toward mandatory electronic filing in the appellate courts." *See In re Appellate Motion Electronic-Filing Pilot Project*, 2015 Ark. 282, at 1 (per curiam). Pursuant to that order, on September 21, 2015, this court and the court of appeals began accepting motions, petitions, and responses to motions and petitions, via the eFlex electronic-filing system. That began a one-year period of transition to mandatory electronic filing, which will end on September 21, 2016. *See* Ark. Sup. Ct. Admin. Order No. 21 § 3(b). On that date, the appellate-motions pilot project will be complete, and the electronic filing of motions, petitions, and responses will be mandatory for such filings that do not require the payment of any fee and that are not case initiating. We amend sections (a) and (b) of Rule 2-1 of the Rules of the Supreme Court and Court of Appeals to include the mandatory electronic-filing requirement as set forth below at the end of this order.

Today, the court also authorizes the establishment of an appellate-brief electronic-filing pilot project as a second step toward comprehensive mandatory electronic filing in the appellate courts. Upon the Administrative Office of the Courts' completion of the technical

SLIP OPINION

changes needed to provide for electronic filing of briefs in the appellate courts, parties will be permitted to file briefs via the eFlex system. For now, the requirements regarding the contents of briefs will remain unchanged except that the table of contents for electronic briefs must include hyperlinks to each section of the brief. Also, electronic briefs must be internally searchable via optical character recognition (OCR) technology that is included in Adobe Acrobat.

Attorneys should be aware of the file size limitations of the eFlex system as the system will not accept files that exceed those limitations. The current file size limit is 10 MB per file uploaded with an aggregate limit of 30 MB per filing. In other words, an appellate brief that is 30 MB in size can be divided into three separate 10 MB files and submitted to the eFlex system as one filing. The Administrative Office of the Courts is currently working to enlarge the file size limits to better accommodate appellate briefs, and we hope those changes will be implemented soon.

To reduce the file size of electronic briefs, briefs submitted to the eFlex system in portable document format (PDF) should be converted to that format directly from the word processing applications from which they were created, rather than creating the PDF files by scanning the briefs. If the addendum must be scanned to obtain it in electronic form, it should be scanned in black and white at a resolution of 300 dots per inch (DPI) to reduce file size. Files may also be reduced or compressed using Adobe Acrobat or other applications.

Parties electing to file briefs electronically shall be required to file three paper copies of each brief, and the paper copies will be due five calendar days from the date the electronic brief is filed. Proof of service of a paper copy on opposing counsel and the trial court must

SLIP OPINION

be provided to the clerk of this court at the time the paper copies are filed. The paper copies shall be identical to the original electronic filing. However, the electronic filing system is not capable of receiving audio or video files. Therefore, the paper copies shall contain any audio or video exhibits in the record that are pertinent to the issues on appeal even though the original electronic filing did not include the audio or video exhibits. Criminal appellants represented by a public defender or appointed counsel who elect to file briefs electronically shall only be required to file one paper copy with the clerk of this court and may continue to provide one paper copy to the Attorney General's office for the production of additional copies as provided by Supreme Court Rule 4-3(j).

Should there be any irreconcilable discrepancies between Administrative Order Number 21 and the Rules of the Supreme Court, Administrative Order Number 21 shall govern with respect to electronic filings until such time as the court amends the Rules to accommodate electronic filing. Additionally, the clerk of this court is authorized to create policies and procedures for the implementation of this order and for the use and operation of the electronic-filing and document-management systems.

We strongly encourage attorneys who practice in the appellate courts and who have not yet obtained an eFlex account to do so. Attorneys who have not yet acquired an eFlex account should follow the AOC's registration requirements available at https://courts.arkansas.gov/administration/acap/efile to obtain an account.

We amend and republish sections (a) and (b) of Arkansas Supreme Court Rule 2-1 as set out below, and the amendment is to be effective September 21, 2016.

SLIP OPINION

**Rule 2–1. Motions, petitions, and responses, general rules.**

(a) *Writing required.* All motions, petitions, and responses filed in the appellate courts must be in writing and comply with the requirements of Rule 4–1(a) in regard to the style of briefs. All motions, petitions, and responses, except for those that require the payment of any fee or that are case initiating, shall be filed using the electronic filing system provided by the Administrative Office of the Courts. However, persons proceeding pro se and persons with disabilities or special needs that prevent electronic filing shall be entitled to submit conventional paper filings.

(b) *Number of copies.* No paper copies are required for electronic filings. For conventional paper filings in the Supreme Court, eight (8) clearly legible copies on 8½″ x 11″ paper must be provided at the time of filing. For conventional paper filings in the Court of Appeals, fourteen (14) clearly legible copies on 8½″ x 11″ paper must be provided at the time of filing.